IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:10-cv-00743 |
| v. | ) ) | COMPLAINT |
| RICOH AMERICAS CORPORATION, | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Anibal Melendez, James Nyema-Davies, and Gustavo Tovar, who were adversely affected by such practices. As articulated below in greater detail, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Ricoh Americas Corporation ("Defendant") discriminated against Nyema-Davies by subjecting him to a hostile work environment because of his national origin, African-Liberian, and race, black. The Commission further alleges Defendant discriminated against Melendez and Tovar by subjecting them to a hostile work environment based on their respective national origins, Hispanic-Puerto Rican, and Hispanic-Colombian. Finally, Defendant suspended and discharged Melendez, Nyema-Davies, and Tovar in retaliation for complaining about and otherwise opposing the hostile work environment to which they were subjected by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of North Carolina and the City Greensboro. Defendant has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Anibal Melendez, James Nyema-Davies, and Gustavo Tovar filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From approximately June 2006 through October 2009, Defendant engaged in unlawful employment practices at its facility located at 7900 National Service Road in Greensboro, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against Anibal Melendez, James Nyema-Davies, and Gustavo Tovar, based on their national origin and/or race, by subjecting them to severe or pervasive racial or national origin-related comments that created a hostile work environment. The offensive conduct occurred on a daily or near-daily basis, from as early as approximately June 2006 through approximately the end of October 2009, and was perpetrated by Defendant's Site Manager who made disparaging remarks about blacks, Africans, Hispanics, Puerto Ricans, and Colombians as more specifically described below.

8. <u>Anibal Melendez.</u> Melendez was subjected to unwelcome comments from Defendant's Site Manager which were based on his national origin, Hispanic-Puerto Rican. Specifically, from about September 2007 through the end of October 2009, Defendant's Site Manager made comments to Melendez, at least two to three times per week, that she "hated Puerto Ricans" and that "fucking Puerto Ricans are not wanted" in Defendant's workplace. Additionally, the Site Manager made comments such as calling

3

Melendez a "stupid Puerto Rican;" telling Melendez that she would "never hire any blacks or Puerto Ricans again;" and commenting to Melendez, in reference to blacks and Puerto Ricans, that "you are all the same," and "you are no good and can't be trusted." Melendez also overheard the Site Manager tell co-claimant Tovar that "you damn stupid Colombians are good for nothing" and "you Hispanics are so stupid."

9. Melendez complained about the race and/or national origin-based comments multiple times to Defendant's managers, including in or around November 2008, when he complained to the person who was serving as Defendant's Regional Human Resources Manager at the time. After the complaint, Melendez alleges the harassment ceased temporarily, but resumed approximately two months later in January 2009.

10. Melendez subsequently complained to Defendant's Territory Operations Manager and to Defendant's Regional Human Resources Manager in or around September 2009. The harassment continued after each and every complaint Melendez made to Defendant's managers.

11. <u>James Nyema-Davies.</u> Nyema-Davies was subjected to unwelcome comments from Defendant's Site Manager which were based on his national origin, African-Liberian, and race, black. Specifically, from about January 2008 through the end of October 2009, Defendant's Site Manager made comments to Nyema-Davies on a daily basis, such as "you damn fucking African, you ain't worth shit," and "you blacks and Africans are a piece of shit." The Site Manager also said when she saw Nyema-Davies

4

and the other two co-claimants Melendez, and Tovar together, "I will never hire your kind anymore."

12. In approximately June 2009, after Nyema-Davies sent an e-mail to the Site Manager in which he confronted her about the harassment, the harassment escalated. Thereafter, the Site Manager made more frequent unwelcome comments to Nyema-Davies including statements like "you Colombians and blacks can't be trusted," "I will never hire one of you people anymore," "I hate you all," and "You are all a piece of shit," in reference to blacks and Hispanics. Nyema-Davies complained about the harassment to Defendant's Territory Operations Manager in approximately March 2008 and June 2008. In his complaints, Nyema-Davies informed the Territory Operations Manager that he wished to be transferred to a different location in order to avoid further harassment. However, Nyema-Davies did not receive a transfer and the harassment continued.

13. Nyema-Davies subsequently complained again in or around October and November 2008, along with co-claimants Melendez and Tovar, to Defendant's Territory Operations Manager. Nyema-Davies specifically asked for relocation to a different facility to escape the harassing conduct. However, the Territory Operations Manager did not give Nyema-Davis a transfer, and the harassment continued. Thereafter, in or around November 2008, Nyema-Davies complained to the person then serving as Defendant's Regional Human Resources Manager, along with co-claimants Melendez and Tovar, about the harassment. Although Nyema-Davies informed the Regional Human Resources Manager about the offensive comments made by Defendant's Site Manager, the harassment continued.

5

Case 1:10-cv-00743-WO-WWD    Document 1    Filed 09/29/10    Page 5 of 11

14. Nyema-Davies complained to Defendant's Regional Human Resources Manager once more about the harassment in or around January 2009, however, he received no response. Finally, in approximately July 2009, Nyema-Davies complained to Defendant's Regional Human Resources Manager about the harassment, and specifically about Defendant's failure to address his previous complaints. No action was taken to end the harassment which continued after each and every complaint Nyema-Davies made to Defendant's managers.

15.   <u>Gustavo Tovar</u>.  Tovar was subjected to unwelcome comments from Defendant's Site Manager which were based on his national origin, Hispanic-Colombian. Specifically, from approximately June 2006 through approximately October 2009, Defendant's Site Manager made comments to Tovar, on a daily basis, such as "I'm tired of this Puerto Rican, African, and Colombian; they are good for nothing," "fucking Puerto Ricans, Colombians, and blacks can't be trusted for nothing," and "you can never get good help from Colombians."

16.   On multiple occasions, the Site Manager also said to Tovar, in reference to Colombians, Puerto Ricans, blacks, and Africans, "I'm never going to hire one of you again." Finally, Tovar recalls at least five occasions in 2009 when the Site Manager said that "Colombians are good for nothing except drugs." Tovar complained by e-mail in or around November 2008 to Defendant's Regional Human Resources Manager about the harassment. Tovar also complained in approximately October and November 2008 to Defendant's Territory Operations Manager. However, the harassment continued after each and every complaint Tovar made to Defendant's managers.

6

17. Defendant is liable for subjecting Anibal Melendez, James Nyema-Davies, and Gustavo Tovar to a hostile work environment based on their national origin, and James Nyema-Davies based on his race, because the harassment was perpetrated by an agent of Defendant who had direct supervisory authority over them.

18. <u>Retaliatory suspension and discharge (all Claimants).</u> On or about October 30, 2009, Defendant engaged in unlawful employment practices at its facility located at 7900 National Service Road in Greensboro, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by suspending Melendez, Nyema-Davies, and Tovar because they opposed employment practices made unlawful by Title VII. Specifically, as articulated above, Melendez, Nyema-Davies, and Tovar complained to Defendant about the race and/or national origin-based harassment numerous times.

19. On or about October 29, 2009, Melendez, Nyema-Davies, and Tovar complained for a final time about the ongoing hostile work environment based on their national origins and/or race. Moreover, on that same date, on or about October 29, 2009, Melendez stated to Defendant's Territory Operations Manager that he, Nyema-Davies, and Tovar would file a lawsuit in order to resolve the harassment. Defendant suspended Melendez, Nyema-Davies, and Tovar on or about October 30, 2009.

20. On or about November 2, 2009, Defendant engaged in unlawful employment practices at its facility located at 7900 National Service Road in Greensboro, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Melendez, Nyema-Davies, and Tovar because they opposed employment practices made unlawful by Title VII. Specifically, Melendez, Nyema-Davies, and Tovar

7

complained to Defendant numerous times about ongoing hostile work environment based on their national origins and/or race, including a final complaint, as described above, to Defendant's Territory Operations Manager on or about October 29, 2009. Defendant discharged Melendez, Nyema-Davies, and Tovar on or about November 2, 2009, immediately following their suspension on or about October 30, 2009.

21. The effect of the practices complained of above has been to deprive James Nyema-Davies, Anibal Melendez, and Gustavo Tovar of equal employment opportunities, and otherwise adversely affect their status as employees because of their respective nation origins, African, Hispanic-Puerto Rican, and Hispanic-Columbian. Further, Nyema-Davies' status as an employee was adversely affected because of his race, black.

22. The effect of the practices complained of above has been to deprive Anibal Melendez, James Nyema-Davies, and Gustavo Tovar of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to practices made unlawful under Title VII.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Anibal Melendez, James Nyema-Davies, and Gustavo Tovar.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors,

8

assigns, and all persons in active concert or participation with it, from maintaining a hostile work environment based on national origin or race, or from any other employment practice that discriminates on the basis of national origin or race.

  B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

  C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for blacks and Hispanics, which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant to make whole Anibal Melendez, James Nyema-Davies, and Gustavo Tovar, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

  E. Order Defendant to make whole Anibal Melendez, James Nyema-Davies, and Gustavo Tovar, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  F. Order Defendant to make whole Anibal Melendez, James Nyema-Davies, and Gustavo Tovar, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to

emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

  G. Order Defendant to pay punitive damages to Anibal Melendez, James Nyema-Davies, and Gustavo Tovar for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

  DATED this 29th day of September, 2010.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

**/s/ Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar ID #205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

11